UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------

                                                    :
UNITED STATES OF AMERICA,           :        CASE NO. 5:02-CR-255-33
                                                    :
            Plaintiff,                         :
                                                    :
vs.                                             :        ORDER & OPINION
                                                    :        [Resolving Doc. No. 1004]
JONAH M. WOOLEY,                      :
                                                    :
            Defendant.                      :
                                                    :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Defendant Jonah M. Wooley moves this Court for a sentence reduction under 18 U.S.C. §

3582(c)(2), based on the retroactive application of the crack cocaine guidelines amendment,

U.S.S.G. App. C, Amend. 706 (2007). [Doc. 1004.]  The United States opposes the Defendant's

motion. [Doc. 1048.]  For the reasons discussed below, this Court **DENIES** the Defendant's motion

for a sentence reduction.

## I.  Background

    Defendant Wooley pled guilty in 2002 to controlled substance violations, and was sentenced

by this Court to 71 months incarceration, to be followed by three years of supervised release.

Defendant Wooley was released from the Bureau of Prisons on December 5, 2007, on supervised

release.  He violated his supervised release on December 16, 2007 and was thereafter taken into

custody.  Wooley filed the instant motion on February 1, 2008, in reference to his upcoming

sentencing for the supervised release violation. On May 7, 2008, this Court sentenced Wooley for

the violation to eight months of incarceration to be followed by two years of supervised release.

## II.  Legal Standard

Case No. 5:02-CR-255-33
Gwin, J.

The Court receives authority to modify an imposed term of imprisonment from 18 U.S.C. §

3582(c).  According to the provision:

> The court may not modify a term of imprisonment once it has been imposed except
> that--
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in Section 3553(a) to the
> extent that they are applicable, *if such a reduction is consistent with applicable policy*
> *statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added).  The policy statement applicable to sentence reductions as

a result of an amended guideline range, U.S.S.G. § 1B1.10, includes commentary that explicitly

refers to the situation of supervised release.  "Only a term of imprisonment imposed as part of the

original sentence is authorized to be reduced under this section.  This section does not authorize a

reduction in the term of imprisonment imposed upon revocation of supervised release." Appl. Note

4(A) to U.S.S.G. § 1B1.10.

### III.  Analysis

Defendant Wooley completed his original sentence and was released on December 5, 2007.

He was then taken into custody again as a result of a supervised release violation.  Therefore, the

instant motion, made while Wooley was in custody and awaiting sentencing on the supervised

release violation, fails.  The Defendant had already completed his original sentence and the Court

is not authorized to reduce a sentence imposed upon revocation of supervised release.

### IV.  Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion for a sentence

-3-

Case No. 5:02-CR-255-33
Gwin, J.

reduction. [Doc. 1004.]

       IT IS SO ORDERED.


Dated: December 24, 2008                s/        *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE